IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_____
SECURITIES AND EXCHANGE COMMISSION,　)
　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
ISMAEL ZARCO SANCHEZ,　　　　　　　　　)
GABRIEL ARGUELLES,　　　　　　　　　　 )
HECTOR AQUINO,　　　　　　　　　　　　 )
GLORIA CASTANEDA,　　　　　　　　　　　)
ORLIN WILIFREDO TURCIOS CASTRO,　　　　)
CARMEN DE LA CRUZ,　　　　　　　　　　 )
ELIZABETH ESCOTO,　　　　　　　　　　　) Civil Action No 4:24-cv-939
REYNA GUIFFARO,　　　　　　　　　　　　)
MARCO ANTONIO LEMUS,　　　　　　　　　 ) JURY TRIAL DEMANDED
DULCE OCHOA,　　　　　　　　　　　　　 )
GABRIEL OCHOA,　　　　　　　　　　　　 )
JUAN PUAC,　　　　　　　　　　　　　　 )
MARIA SARAVIA,　　　　　　　　　　　　 )
LUIS SERRANO,　　　　　　　　　　　　　)
JULIO TAFFINDER,　　　　　　　　　　　 )
CLAUDIA VELAZQUEZ, and　　　　　　　　 )
ROBERTO ZAVALA,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　　 )
_____ _)

# JOINT PRETRIAL ORDER

Pursuant to this Court's Procedure 9.A, the parties hereby submit a Joint Pretrial Order and would show the Court as follows:

**A. Appearance of Counsel**

    1. Securities and Exchange Commission

       Tyson M. Lies

1

Texas Bar No. 24087927
S.D. Texas Bar No. 3865116
liest@sec.gov

Matthew J. Gulde
Illinois Bar No. 6272325
S.D. Texas Bar No. 1821299
guldem@sec.gov

United States Securities and
Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX  76102
Telephone:  (817) 978-1410
Facsimile:  (817) 978-4927

2. Maria Saravia, Orlin Wilifredo Turcios Castro, and Roberto Zavala

   Elida Aguilar
   550 Greens Parkway, Suite 270
   Houston, TX 77067
   Telephone: 281-260-9884
   eaguilar52@gmail.com

3. Ismael Sanchez

   John LaGrappe
   440 Louisiana Ste. 900
   Houston, TX 77002
   Telephone: 713-236-7723
   jlagrappe@yahoo.com

4. Reyna Guiffaro and Elizabeth Escoto[1]

   Gene Watkins
   Sherman Watkins PLLC
   Attorneys and Counselors at Law
   Telephone:713-224-5113
   Fax:866-560-8676

---

[1] The SEC moved for entry of agreed bifurcated judgments as to Guiffaro and Escoto on June 25, 2025 (doc. 70). Entry of these agreed judgments would resolve issues of liability as to these two defendants, thus making trial unnecessary as to these two defendants.

attygenewatkins@gmail.com

The remaining defendants listed in the SEC's complaint are either in default[2] or they have settled and the Court has issued final judgments as to them.

### B. Statement of the Case

Defendants were leaders within the sales structure of CryptoFX, LLC, a Texas limited liability company that offered and sold investments with purportedly guaranteed returns generated by trading in crypto-asset and foreign-exchange ("forex") markets. The SEC alleges, however, CryptoFX was a Ponzi scheme that used investor money to make Ponzi payments, pay commissions to salespeople, and to fund the founders' and the sales leaders' personal expenses.

The SEC alleges Defendants Ismael Sanchez, Maria Saravia, Orlin Wilifredo Turcios Castro, and Roberto Zavala solicited new investors on CryptoFX's behalf to purchase investment contracts called "Venture Agreements," and managed ongoing recruitment and referrals by other investors. The SEC further alleges that Defendants told investors that the invested funds would be used for forex and crypto-asset trading—promising returns ranging between 15% and 100%—and assisted investors in executing the Venture Agreements. At the same time, Defendants collected transaction-based compensation in the form of commissions and bonuses for their work. CryptoFX's offering and sale of the Venture Agreements was not registered with the Commission, and the Defendants were never registered with the Commission as brokers or as associated persons of a firm registered with the Commission. The SEC also alleges Defendants Sanchez, Saravia, and Zavala made multiple false and misleading statements and omissions and otherwise engaged in a fraudulent scheme in connection with the offer and sales of the Venture Agreements.

Based on these facts, the SEC alleges that Defendants offered and sold unregistered securities in violation of Sections 5(a) and (c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77e(a) and (c)], acted as unregistered brokers in violation of Section 15(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(a)(1)] and, in the cases of Sanchez, Saravia, and Zavala, also violated the antifraud provisions of the federal securities laws, including Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

### C. Jurisdiction

This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d), and

---

[2] The SEC requested entry of default on June 12, 2025, which remains pending. (Doc. 62).

22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d), and 77v(a)] and Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), (c), and 78aa]. Defendants, directly and indirectly, made use of the mails and of the means and instrumentalities of interstate commerce in connection with the acts, practices, and courses of business alleged in this action. The parties do not dispute this Court's jurisdiction over this case or the parties.

### D. Motions

The following motions are currently pending before this Court:

1. **SEC's Motion for Partial Summary Judgment against Defendants Ismael Sanchez, Maria Saravia, Orlin Wilifredo Turcios Castro, and Roberto Zavala** (doc. 65, filed June 13, 2025): The SEC moved for summary judgment against Defendants Sanchez, Saravia, Castro, and Zavala on issues of liability for all of the SEC's claims. Sanchez filed a response to the SEC's Motion on July 22, 2025 (doc. 78) and the SEC filed its reply on August 5, 2025 (doc. 81). Saravia, Castro, and Zavala did not respond to the SEC's Motion.

2. **SEC's Motion for Entry of Agreed Judgments as to Defendants Elizabeth Escoto and Reyna Guiffaro** (doc. 78, filed June 25, 2025): The SEC moved for entry of agreed judgments as to Escoto and Guiffaro that, upon entry, would resolve all issues of liability against them and, among other things, (a) order permanent injunctive relief against Escoto and Guiffaro, and (b) order Escoto and Guiffaro to pay disgorgement, prejudgment interest, and civil penalties in amounts to be determined by the Court at a later date upon the SEC's motion. Elizabeth Escoto and Reyna Guiffaro have agreed to the proposed judgments, and no responses or objections were raised to this Motion.

3. **SEC's Request for Entry of Default** (doc. 62, filed June 12, 2025): The SEC requested the clerk enter default against Defendants Gloria Castaneda, Dulce Ochoa, Gabriel Ochoa, Gabriel Arguelles, Hector Aquino, Carmen de la Cruz, Juan Puac, and Claudia Velazquez. The SEC later moved on June 26, 2025, for leave to file its Motion for Entry of Final Judgment by Default after the dispositive motions deadline. Doc. 72. The Court granted this motion for leave on June 30, 2025 (doc. 75) and authorized the SEC to file its Motion for Entry of Final Judgment by Default within three days after the Clerk's entry of default.

### E. Contentions of the Parties

**SEC:** Defendants, directly and indirectly, offered and sold securities—specifically, the CryptoFX Venture Agreements—in unregistered offerings using interstate transportation or communication. Defendants similarly acted as unregistered brokers and used the means and instrumentalities of interstate commerce to effect transactions in the Venture Agreements as they recruited new investors, recommended and promoted the investments in CryptoFX, and obtained transaction-based commissions for their efforts. Simultaneously, Defendants Sanchez, Saravia, and Zavala also fraudulently obtained money by engaging in a fraudulent scheme and making multiple material misstatements and omissions in connection with the offer, purchase, and sale of the Venture Agreements. Through this conduct, Defendants violated Section 5 of the Securities Act and Section 15(a) of the Exchange Act. Defendants Sanchez, Saravia, and Zavala also knowingly, or at least with severe recklessness, violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder and Section 17(a) of the Securities Act.

**Sanchez:** Defendant Sanchez denies that he, either directly or indirectly, offered or sold securities, including but not limited to the CryptoFX Venture Agreements, in unregistered offerings using interstate transportation or communication. Defendant Sanchez further denies that he acted as an unregistered broker, used the means and instrumentalities of interstate commerce to effect transactions in the Venture Agreements, recruited new investors, recommended or promoted investments in CryptoFX, or obtained transaction-based commissions for any such activities.

Defendant Sanchez **further denies** that he fraudulently obtained money, engaged in any fraudulent scheme, or made any material misstatements or omissions in connection with the offer, purchase, or sale of the Venture Agreements. Defendant Sanchez denies violating Section 5 of the Securities Act, Section 15(a) of the Exchange Act, Section 10(b) of the Exchange Act, Rule 10b-5 thereunder, or Section 17(a) of the Securities Act, whether knowingly, recklessly, or otherwise.

### F. Admissions of Fact

See the attached Exhibit A containing those facts to which the parties have stipulated.

### G. Contested Issues of Fact

The parties dispute the following facts:

1. Whether CryptoFX investors reasonably expected to earn profits through their investments in Venture Agreements based on the efforts of others.

2. Whether Defendants Sanchez, Saravia, and Zavala possessed the required scienter to violate Section 10(b) of the Exchange Act and Rule 10b-5 thereunder and Section 17(a) of the Securities Act.

3. Whether Ismael Sanchez falsely represented to investors that he had made $11 million in a single year through trading cryptocurrencies.

4. Whether Defendants had knowledge whether Maurico Chavez was trading Bitcoin for profits?

**H. Agreed Applicable Propositions of Law**

1. Sections 5(a) and (c) of the Securities Act prohibit the unregistered offer or sale of securities in interstate commerce unless an exemption from registration applies. *SEC v. Continental Tobacco Co. of S.C.*, 463 F.2d 137, 155 (5th Cir. 1972). Section 2(a)(1) of the Securities Act and Section 3(a)(10) of the Exchange Act define the term security to include an "investment contract." 15 U.S.C. § 77b(a)(l); 15 U.S.C. § 78c(a)(10). A "contract, transaction, or scheme" is an investment contract if it meets three requirements: "(i) an investment of money; (ii) in a common enterprise; and (iii) on an expectation of profits to be derived solely from the efforts of individuals other than the investor." *SEC v. W.J. Howey Co.*, 328 U.S. 293, 298-99 (1946); *Williamson v. Tucker*, 645 F.2d 404, 417-418 (5th Cir. 1981). Courts making a determination under *Howey* must disregard "legal formalisms" and instead focus on "the economics of the transaction." *Reves v. Ernst & Young*, 494 U.S. 56, 61 (1990). In the Fifth Circuit, courts apply the "broad vertical commonality test" to determine if a common enterprise exists. *Living Bens. Asset Mgmt., L.L.C. v. Kestrel Aircraft Co.*, 916 F.3d 528, 536 (5th Cir. 2019) (quoting *Long v. Shultz Cattle Co.*, 881 F.2d 129, 140-41 (5th Cir. 1989)). Under this test, "the necessary interdependence may be demonstrated by the investors' collective reliance on the promoter's expertise." *Shultz Cattle*, 881 F.2d at 141.

2. To establish a *prima facie* violation of Sections 5(a) and (c), the Commission need only prove: (1) defendants, directly or indirectly, offered or sold securities; (2) no registration statement was in effect as to the securities; and (3) interstate transportation or communication, or the mails, were used in connection with the offer or sale. *See* 15 U.S.C. §§ 77e(a) and (c); *Cont'l Tobacco*, 463 F.2d at 155. Once a *prima facie* violation is established, the burden then shifts to the defendants to prove that the securities offering qualified for an exemption. *Cont'l Tobacco*, 463 F.2d at 156.

    a. Because Sections 5(a) and (c) encompass "any person, directly or indirectly" who offers or sells unregistered securities, liability is not limited to the direct offeror or seller, but also includes any person who is a "necessary participant" and a "substantial factor" in the offer or sale. *SEC v. Blackburn*, No. 15-2451, 2015 WL 10911439, *3 (E.D. La. Sept. 11, 2015). "A defendant is a necessary participant if 'but for' his participation in the distribution of unregistered securities, the sale transaction would not have taken place. . . [and] is a substantial factor in the distribution of unregistered securities if his overall conduct and participation is not 'de minimis.'" *Id.* (internal citations omitted).

3. Section 15(a) makes it

> unlawful for any broker or dealer [. . .] to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security [. . .] unless such broker or dealer is registered.

15 U.S.C. § 78o(a)(1).  Scienter is not an element of Section 15(a). *SEC v. Moss*, No. 4:20-CV-972-SDJ, 2022 WL 757226, at *6 (E.D. Tex. Mar. 11, 2022).

4. A "broker" is "any person engaged in the business of effecting transactions in securities for the account of others." 15 U.S.C. § 78c(a)(4)(A). To determine whether an individual qualifies as a broker, most courts apply a list of nonexclusive factors: (1) "regular participation in securities transactions," (2) "employment with the issuer of the securities," (3) "payment by commission as opposed to salary," (4) "history of selling the securities of other issuers," (5) "involvement in advice to investors," and (6) "active recruitment of investors." *Moss*, 2022 WL 757226, at *6 (citing *SEC v. Collyard*, 861 F.3d 760, 766 (8th Cir. 2017)); *see also SEC v. Hansen*, No. 83 Civ. 3692, 1984 WL 2413, at *10 (S.D.N.Y April 6, 1984) (listing similar factors). "Transaction-based compensation, or commissions are one of the hallmarks of being a broker-dealer." *SEC v. Bowen*, No. 3:22-CV-1415-S, 2024 WL 3462359, at *11 (N.D. Tex. July 17, 2024) (quotations omitted).

5. Section 17(a) of the Securities Act makes it unlawful, in the offer or sale of securities, (a) to employ any device, scheme, or artifice to defraud; (b) obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit. 15 U.S.C. § 77q(a).

Case 4:24-cv-00939   Document 82   Filed 10/03/25 in TXSD   Page 8 of 11

6. Section 10(b) of the Exchange Act prohibits using a manipulative or deceptive device or contrivance in connection with the purchase or sale of a security. 15 U.S.C. § 78j(b). Rule 10b-5 thereunder makes it unlawful, in connection with the purchase or sale of securities: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person. 17 C.F.R. § 240.10b-5.

7. Violations of Sections 17(a)(1) and 10(b) and Rule 10b-5 require a showing of scienter, a mental state embracing intent to deceive, manipulate, or defraud, but a showing of negligence suffices for Sections 17(a)(2) and (3) violations. *Aaron v. SEC*, 446 U.S. 680, 691, 697 (1980). Scienter is established by showing that the defendant acted with at least severe recklessness. *Broad v. Rockwell Int'l Corp.*, 642 F.2d 929, 961 (5th Cir. 1981).

### I. Contested Issues of Law

There are currently no contested issues of law.

### J. Exhibits and Exhibit List

The SEC's exhibit list is filed herewith as Exhibit B.

Defendant Sanchez's exhibit list is filed herewith as Exhibit C.

### K. Witnesses and Witness List

The SEC's witness list is filed herewith as Exhibit D.

The SEC's deposition designations are filed herewith as Exhibit E.

Defendant Sanchez's witness list is filed herewith as Exhibit F.

### L. Settlement

The SEC previously sent settlement offers to counsel for Defendants Ismael Sanchez, Maria Saravia, Orlin Wilifredo Turcios Castro, and Roberto Zavala in July 2025. These offers outlined the relevant injunctive relief and monetary remedies that the SEC seeks against each Defendant. To date, the SEC has received no responses to these offers. Settlement negotiations are still open among the parties and the case could reasonably be expected to settle. In particular, based on prior conversations among

8

counsel, it appears the parties may be able to reach an agreement on issues of liability, which would obviate the need for a trial.

### M. Trial

This will be a jury trial. The parties believe the trial will take seven (7) days given that number of likely witnesses and the fact that most of the witnesses do not speak English as a first language and will need an interpreter.

The SEC has been in contact or is currently coordinating with these witnesses to determine the witnesses' willingness to appear for trial. These witnesses primarily live in and around Chicago or in locations throughout Texas and their contact with the SEC's staff has been intermittent. The SEC believes it would be most efficient for the witnesses to appear in person due to the need for interpretive services for the witnesses and defendants.

### N. Additional Required Attachments

The SEC will file contemporaneously with this Pretrial Order its motions in limine. Attached to this Order are the following:

(1) The SEC's proposed questions for the venire panel (Exhibit G).

(2) The parties' proposed jury instructions, definitions, and interrogatories (Exhibit H). For those instructions or definitions about which the parties could not reach agreement, the parties have bolded the relevant language within the instructions and will separately file memoranda of law outlining the parties' respective positions on the language.

DATED: October 3, 2025

Respectfully submitted,

UNITED STATES SECURITIES AND EXCHANGE COMMISSION

*/s/ Tyson M. Lies*
Matthew J. Gulde
Illinois Bar No. 6272325
S.D. Texas Bar No. 1821299
Tyson M. Lies
Texas Bar No. 24087927

        S.D. Texas Bar No. 3865116
        Jillian Harris
        Texas Bar No. 24087671
        S.D. Texas Bar No. 2669497
        United States Securities and
        Exchange Commission
        Burnett Plaza, Suite 1900
        801 Cherry Street, Unit 18
        Fort Worth, TX  76102
        Telephone:  (817) 978-1410
        Facsimile:  (817) 978-4927
        guldem@sec.gov
        liest@sec.gov
        harrisji@sec.gov

        ATTORNEYS FOR PLAINTIFF SECURITIES AND EXCHANGE COMMISSION

        */s/ Elida Aguilar*
        Elida Aguilar
        550 Greens Parkway, Suite 270
        Houston, TX 77067
        Telephone: 281-260-9884
        eaguilar52@gmail.com

        ATTORNEY FOR DEFENDANTS SARAVIA, TURCIOS CASTRO, AND ZAVALA

        */s/ John LaGrappe*
        John LaGrappe
        440 Louisiana Ste. 900
        Houston, TX 77002
        Telephone: 713-236-7723
        jlagrappe@yahoo.com

        ATTORNEY FOR DEFENDANT SANCHEZ

        */s/ Gene Watkins*
        Gene Watkins
        Sherman Watkins PLLC
        Attorneys and Counselors at Law
        Telephone:713-224-5113
        Fax:866-560-8676

        attygenewatkins@gmail.com

        ATTORNEY FOR DEFENDANTS
        GUIFFARO AND ESCOTO

## **CERTIFICATE OF SERVICE**

    I affirm that on October 3, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court for the Southern District of Texas, Houston Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

        */s/Tyson M. Lies*
        Tyson M. Lies